UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RAY A. PERRY, ) | CASE NO. 1:07 CV 3245 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE KATHLEEN M. O'MALLEY |
| v. ) | |
| ) | |
| JIM BEDRA, et al., ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Defendants. ) | |

On October 22, 2007, plaintiff pro se Ray A. Perry filed this action against his parole officer, Jim Wilson and Ohio Adult Parole Authority ("OAPA") parole board member Jim Bedra. In the complaint, plaintiff asserts that the defendants are "not following [Ohio] R.C. § 2967.28(4)(B). He claims a federal court order is needed to stop this practice.

## Background

Mr. Perry was indicted on charges of escape on December 15, 2005 for failing to report to his parole officer. See State v. Perry, No. CR-05-474846 (Cuyahoga Cty Ct. Com. Pl. indictment filed December 15, 2005).[1] He was arrested on the outstanding warrant on January 22,

---

[1] Cuyahoga County Court of Common Pleas dockets can be viewed at, www.cpdocket.cp.cuyahogacounty.us

2007 in Las Vegas, Nevada and extradited to Ohio. A trial on these charges was set for August 2, 2007. On April 18, 2007, Mr. Perry filed <u>Perry v. Wilson</u>, Case No. 1:07 CV 1144 (N.D. Ohio)(O'Malley, J.) claiming that his parole officer slandered him by stating that Mr. Perry violated his parole and exceeded his authority by filing escape charges against him. That action was dismissed pursuant to 28 U.S.C. §1915(e) on July 25, 2007. Mr. Perry was convicted on one count of escape and was sentenced on September 25, 2007 to a term of two years incarceration followed by three years of post release control.

Two days after his sentencing, Mr. Perry filed another action challenging the State's ability to prosecute him on escape charges. See <u>Perry Collins</u>, Case No. 1:07 CV 2952 (N.D. Ohio filed Sept. 27, 2007)(Gwin, J.). Specifically, he claimed that "those released on PRC are being unlawfully prosecuted for escape pursuant to R.R. 2921.34 for failing to visit their parole officer . . . [T]here is no statute authorizing the prosecution." That action was dismissed pursuant to 28 U.S.C. § 1915(e) on January 2, 2008.

One month after filing the second action challenging the escape charges, Mr. Perry filed the within case. In his complaint, asserted against his parole officer and parole board member Jim Bedra, he contends:

> Pursuant to R.C. 2967.28 (2005) as it existed in 9/2005, periods of PRC do not run concurrent or consecutive to each other. A latter [sic] felony conviction would terminate a former PRC supervision. Also, parole and PRC supervisions do not aggregate. A 1 year parole supervision is terminated by a 3 year PRC supervision pursuant to R.C. 29657.28(4)(B). Whereby, after 9/26/2005, I was not on parole pursuant to R.C. 2967.15 or PRC pursuant to R.C. 2967.28. However, I find myself in prison now for the parole violation of escape pursuant to R.C. 2967.34.

(Compl. at 7.) He claims that the OAPA will not follow Ohio Revised Code § 2967.28(4)(B) and

the parole board lacked authority to pursue escape charges for violating the terms of his post release control.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

This complaint is Mr. Perry's third attempt to bring this matter before the court. The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981). A

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Plaintiff is therefore precluded from litigating this matter for a third time.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: January 18, 2008

---

[3]  28 U.S.C. § 1915(a)(3) provides:

>  An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.